**COMMERCIAL CASUALTY INS. CO. v. HUMPHREY et al.**

No. 689.

District Court, S. D. Texas, Houston Division.

Dec. 31, 1935.

King, Wood & Morrow, of Houston, Tex., for plaintiff.

J. G. Davis and Dean & Humphrey, all of Huntsville, Tex., and P. F. Graves, of Houston, Tex., for defendants.

KENNERLY, District Judge.

Plaintiff, the Commercial Casualty Insurance Company (a citizen of New Jersey), issued November 22, 1934, its policy of automobile liability insurance to T. E. Humphrey, Jr. (a citizen of Texas), covering a Plymouth DeLuxe coupé (for brevity called car), belonging to Humphrey, and to be used by him for pleasure and business for a period beginning November 22, 1934, and ending November 22, 1935. While the car was being driven by Humphrey in Fort Bend county, Tex., in this district, on or about July 5, 1935, it collided with a car in which defendants A. P. Pierce, Jr., and W. R. Tull (citizens of Texas) were riding, severely injuring Pierce. Tull was not injured. Alleging an actual contro-versy between plaintiff and defendants, within the meaning of the Declaratory Judgment Act of Congress of June 14, 1934, as amended August 30, 1935, § 405 (section 400, title 28, U.S.C.A.), plaintiff brings this suit, under such act, against defendants, praying that this court enter a declaratory judgment in accordance therewith, declaring the rights and other legal relations of the parties thereto. The parties by stipulation formally waived the submission of issues of fact to a jury. The witnesses have testified orally, and the facts fairly deducible from the evidence are as follows:

(a) While defendant Humphrey was using the car for business and/or pleasure and driving it along the public highway in Fort Bend county, in this district, on or about July 5, 1935, it collided with a car in which his codefendants, Pierce and Tull, were riding. Pierce was severely injured. Tull was not injured.

(b) The liability of plaintiff under the policy is fixed by the provisions thereof as follows:

"The Company shall be liable only under that insuring agreement of those insuring agreements of the policy for which a specific premium charge is made hereunder.

| | |
|---|---|
| "A. Liability for bodily injuries or death | Limit one person Ten Thousand and 00/100 Dollars ($10,000.) Limit one accident Twenty Thousand and 00/100 Dollars ($20,000.) |
| "B. Liability for damage to property of others: | Limit any one accident Five Thousand and 00/100 Dollars ($5,000.)." |

The matter in controversy herein, therefore, is in excess of $3,000, exclusive of interest and costs, and there being diversity of citizenship between plaintiff and all of the defendants, the court has jurisdiction.

(c) The policy also provides as follows:

"The insolvency or bankruptcy of the Assured shall not release the Company from the payment of damages for injuries sustained or loss occasioned during the life of the policy, and in case execution against the Assured is returned unsatisfied in an action brought by the injured, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be main-

tained by the injured person or his or her personal representative against this Company under the terms of this policy, for the amount of the judgment in the said action not exceeding the amount of this policy."

(d) The policy also provides:

"The Assured, whenever requested by the Company, shall aid in effecting settlements, securing information and evidence, the attendance of witnesses and in prosecuting appeals, but the Assured shall not voluntarily assume any liability or interfere in any negotiation for settlement, or in any legal proceeding, or incur any expense, or settle any claim, except at the Assured's own cost, without the written consent of the Company previously given, except that, as respects liability for personal injuries covered hereunder, the Assured may provide at the Company's expense such immediate surgical relief as is imperative at the time of the accident."

Humphrey has not voluntarily, nor in any other manner, assumed any liability to Pierce or Tull, nor any other person, nor interfered in any negotiation for settlement, nor in any legal proceedings between plaintiff and Pierce, nor others, nor incurred any expense in connection therewith, nor settled any claim in connection therewith. Nor has Humphrey done anything which would serve to release plaintiff from any liability under such clause of such policy.

(e) Said policy also provides that plaintiff shall:

"Investigate at its own cost any accident (to which this policy applies) reported to the Company, and to settle any claim as the Company may deem advisable; and if suit is brought against the Assured on account of such an accident, to defend such suit even if groundless, false or fraudulent, in the name and on behalf of the Assured unless or until the Company shall elect to effect settlement thereof."

■ (f) It is clear from the evidence that an actual controversy within the meaning of the Declaratory Judgment Act exists between plaintiff, on the one hand, and Humphrey, on the other hand, in that Humphrey is claiming that plaintiff is required to defend any suit or suits brought against him by Pierce or Tull, and that plaintiff is required to pay off

any judgment recovered against him by either Tull or Pierce.

■ (g) In his testimony, defendant Tull says that he was not injured in the collision, and has made, is making, and expects to make, no claim for damages either against Humphrey or plaintiff. In his pleadings, he makes the same statement, disclaiming any interest in the subject-matter of plaintiff's bill. He took no part in the trial (except as a witness), has filed no brief, and is in no way combatting plaintiff's suit. It is clear that there is no actual controversy, within the meaning of such act, between plaintiff and Tull.

■ (h) Plaintiff alleges in paragraphs IX, X, and XI of its bill as follows:

"IX. The Respondents Pierce and Tull and each of them are now asserting claims and causes of action against the said T. E. Humphrey, Jr., and against this Complainant as the alleged insurer of the said T. E. Humphrey, Jr. for damages on account of personal injuries and damage to property sustained by them and each of them in the accident and collision above mentioned and such Respondents have employed an attorney or attorneys for the purpose of representing them in the prosecution and presentation of such claims and in the bringing of a suit or suits thereon against the said Humphrey, if necessary, and against this Complainant, if necessary.

"X. The Respondents and each of them are claiming that the Complainant is bound and obligated under its policy of insurance aforesaid to defend the said T. E. Humphrey, Jr. in any action brought against him by the other Respondents for damages growing out of such collision and to pay off, within the limits of the liability stated in the policy, any judgment or judgments that may be rendered against the said T. E. Humphrey, Jr. because of the accident mentioned and the alleged causes of action and claims growing out of said accident. Respondents Pierce and Tull are actively asserting claims for damages growing out of said accident against the said T. E. Humphrey, Jr. and this Complainant and, if settlement is not made of said claims, they will bring suit thereon against the said T. E. Humphrey, Jr. and possibly against this Complainant and if a judgment or judgments should be recovered by the Respondents Pierce and/or Tull against said T. E. Humphrey,

Jr. and satisfied by execution issued against the said T. E. Humphrey, Jr., the said T. E. Humphrey, Jr. will bring an action or actions against this complainant to recover the amount so recovered from him and, if such judgment or judgments should not be satisfied by execution against the said T. E. Humphrey, Jr., the Respondents Pierce and Tull will bring an action or actions against this Complainant upon said policy of insurance for the amount of such judgment or judgments.

"XI. Complainant maintains and contends that it has no liability to any of the Respondents under such policy of insurance by reason of the accident aforesaid and that it is under no duty to defend the said T. E. Humphrey, Jr. in connection with any action or actions brought against him or the other Respondents on account of damages suffered by such Respondents as the result of said accident, and that it is under no duty to pay any judgment that may be rendered against the Respondent Humphrey in favor of the Respondents Pierce and Tull, or either of them, in an action brought for damages growing out of the accident aforesaid.

"The reason for such contention and position of Complainant is the fact that the Respondent Humphrey by assuming liability to the other Respondents for their bills and damages growing out of said accident and by doing the matters and things mentioned and described in paragraph VIII above violated the terms and conditions of said policy of insurance and has rendered same inoperative insofar as it affects the accident in question and has released the Complainant of liability to him or to the other Respondents under said policy on account of claims or actions growing out of said accident."

In reply thereto, defendant Pierce in paragraphs IX, X, and XI, of his answer, says:

"IX. This respondent denies that he is or has heretofore asserted any claim or cause of action against said T. E. Humphrey, Jr., and/or against this complainant as the alleged insurer of T. E. Humphrey, Jr., or otherwise, for damages on account of personal injuries and damage to personal property sustained by him in the collision referred to in said bill of complaint, and denies, without knowledge but upon information and belief that said W. R. Tull is asserting or has asserted any such claim, but on the contrary says that, as shown by the records in this case, the said Tull has heretofore filed a disclaimer of any interest in this cause and of any claim for damages by reason of the matters stated in said bill of complaint against either complainant, the said T. E. Humphrey, Jr., or any one else.

"X. With reference to the allegations contained in Paragraph X of said bill of complaint, this respondent denies that he is now or has claimed that complainant is bound and obligated under its policy of insurance, as set out in said bill of complaint, to defend the said T. E. Humphrey, Jr., in any action brought against him by this respondent or any one else, and says that this respondent has made no claims or assertions with reference thereto whatsoever.

"For further answer to Paragraph X of said bill of complaint, this respondent denies that he is now or has heretofore actively asserted any claim for damages growing out of said collision (or accident) against said T. E. Humphrey, Jr., or complainant, or has threatened to bring suit by reason thereof against any one, and upon information and belief says that co-respondent W. R. Tull has made no such claims and/or threat, but on the contrary, as heretofore stated, has filed in this cause his disclaimer of any interest in this controversy, or of any claims for damages against this complainant or against said T. E. Humphrey, Jr., by reason of said collision or otherwise.

"XI. In answer to Paragraph XI of said bill of complaint this respondent submits that the same calls for a conclusion of law on the part of this court upon a basis of theories of law submitted by it to this court, and that same requires no denial or answer on the part of this respondent further than as hereinbefore and as hereinafter specifically stated."

Pierce, however, is actively combatting plaintiff's case. Previous to filing his answer, he filed motion to dismiss plaintiff's bill. He was represented by counsel at the trial, did not, as a witness, deny that he would hereafter seek to hold Humphrey and plaintiff for damages for his injuries, has filed voluminous briefs and arguments, and is combatting at ev-

ery step plaintiff's suit. That an actual controversy exists, within the meaning of the act, between plaintiff and Pierce is clear.

■ 1. This court, in the Plummer Case (Ohio Casualty Insurance Co. v. Sidney B. Plummer, Sr., et al., 13 F.Supp. 169), recently upheld the constitutional validity of the Declaratory Judgment Act, held that proceedings thereunder may be prosecuted on the equity side, and discussed various features of the act. There is one question raised here, however, that was not discussed in the Plummer Case. That is how the question of whether the controversy involves more than $3,000, exclusive of interest and costs, is to be determined. Pierce and Humphrey say that the amount, if any, that Pierce will claim against Humphrey and plaintiff as his damages for his injury has not been fixed or even stated, and that when fixed or stated may or may not be in excess of $3,000, and that, therefore, this court is without jurisdiction. Plaintiff's suit is to declare the rights and other legal relations of the parties to the suit under the policy. Under the policy, plaintiff may be liable for as much as $10,000 for injuries or death to one person, $20,000 for death or injury to more than one person in the same accident, and $5,000 for damages to property. The test of jurisdiction is not what Pierce may claim against Humphrey and plaintiff, but the maximum amount for which plaintiff may be liable under the policy. The case comes within the principle announced by the Supreme Court in Packard v. Banton, 264 U.S. 140, 142, 44 S.Ct. 257, 68 L.Ed. 596, 607. The principle involved is also analogous to that in New York Life Ins. Co. v. Swift (C.C.A.) 38 F.(2d) 175; Jensen v. New York Life Ins. Co. (C.C.A.) 50 F.(2d) 512; Thorkelson v. Ætna Life Ins. Co. (D.C.) 9 F.Supp. 570. I entertain no doubt that the amount in controversy here involves more than $3,000, exclusive of interest and costs, and that the court has jurisdiction.

■ 2. The basis of plaintiff's claim is that it is not liable to Humphrey and Pierce under the policy, because Humphrey, in violation of the terms of the policy, voluntarily assumed liability to Pierce, interfered with negotiations for settlement, etc. The finding being that Humphrey did not do so, it follows that plaintiff is liable to Pierce in the amount of any judg-ment recovered by Pierce against Humphrey, in accordance with the terms and provisions of the policy.

Decree declaring the rights and legal relations of plaintiff, Humphrey, Tull, and Pierce, in accordance with the view herein expressed, will be entered.

Let decree be prepared and presented.