**EMPLOYERS' LIABILITY ASSUR. COR-PORATION, LIMITED, OF LONDON, ENGLAND, v. C. E. CARNES & CO., Inc., et al.**

No. 749.

District Court, W. D. Louisiana, Lake Charles Division.

Oct. 21, 1937.

Edward Rightor and W. H. Sellers, both of New Orleans, La., for complainants.

Hawthorn, Stafford & Pitts, of Alexandria, La., McCoy, King & Jones, of Lake Charles, La., Gremillion & Mayeux and H. P. Carmouche, all of Crowley, La., and R. H. Agate, Jr., of Welsh, La., for respondents.

DAWKINS, District Judge.

Plaintiff brought this suit under the provisions of the Declaratory Judgment Act of Congress, approved June 14, 1934, Jud.Code, § 274d, as amended by the Act of August 30, 1935, section 400, title 28 U.S.C.A., to have determined its liability as insurer under a policy issued to the defendant, C. E. Carnes & Co., Inc., a Louisiana corporation, domiciled at Crowley, La., in so far as a Dodge 1½-ton truck, 1934 model, was concerned. It made the insured and a large number of persons who have or will make claims against the plaintiff, accruing out of the following alleged circumstances, parties:

"15. That on the 21st day of October, 1936, the assured sent one Houston Thomas, its employee, to drive the truck above referred to, to Eunice, La., with a portable metal tank of 900 gallons capacity thereon, and thereat had said tank loaded with 500 gallons of butane gas, a liquid petroleum gas, whose predominant compounds are propane and butane, which, under moderate pressure, liquifies, but on release of pressure, quickly converts to gaseous form; that when in gaseous state, the said butane gas is similar in inflammability to natural or manufactured gas, with the additional dangerous feature that it is heavier than air and seeks the ground.

"16. That the said Thomas hauled said truck containing said butane gas back to the assured's filling station at Crowley, whereon there stand a platform and by

means of a winch upon the truck and a wire extending therefrom around a perpendicular gas pipe at the further end of the platform, said butane tank is pulled upon said platform; that there is a cock on the lower part of the flat perpendicular face of said tank nearest to said gas pipe, for the purpose of releasing said gas; that on the morning of October 22, 1936, about 8:00 A. M., when said tank was pulled by said process to the end of the platform, the said stand pipe around which the wire to the winch went, was bent by said wire, which in turn broke the cock from off the tank; that thereupon the said liquified gas escaped through the aperture, descended to the ground and spread through the vicinity.

"17. That said gas entered the residence of Earl P. Shreve, Sr., wherein there was a fire and ignited, personally injured said Earl P. Shreve, Sr., destroyed considerable of his property, burned badly, from which they subsequently died, his daughter, Etna May Shreve, his wife, Mrs. Earl P. Shreve, Sr., His son, Earl P. Shreve, Jr., and the latter's wife, Mrs. Earl P. Shreve, Jr.; that it also destroyed the property of and fatally injured Julian Livens, who is survived by his wife, Alice Broussard Livens, and also injured widow Henry Hebert and Mrs. Laurini Barrouse, who alleges to be injured. That Mrs. Earl P. Shreve, Jr. left no descendants and is survived by her mother, Mrs. Odile Broussard Connor.

"18. That said gas after becoming ignited, also did property damage to the following: Estate of Mrs. Laura Moore; Charles R. England; Estate of Henry Hebert; Estate of G. O. Lognand; Gabriel Istre; Thomas Kyle Kamplain; The Crowley Motor Co.; Trinity Episcopal Church; Acadia High School; Acadia Parish Court House; Jules Clements and Edward Fogleman."

Further:

"19. That all but one of said persons and corporations are domiciled in the Parish of Acadia; that all of said persons and corporations have either made, or will make claims for recompense for injuries to person or property against C. E. Carnes & Company, Inc. and against your petitioner; that some of them have already placed their claims in the hands of lawyers who have demanded damages; that said claims are far beyond the limits of said policy, petitioner's property damage liability being confined to $5,000.00 and bodily injury to $10,000.00 for one person and $20,000.00 for each accident, as particularly set forth in said policy.

"20. That as above set forth, petitioner underwrote said truck to be used and to be exclusively used in the 'handling of farm machinery, Crane fixtures and paints' and not for the carrying of highly dangerous explosives; that had said assured applied to petitioner for a policy to cover the risk of hauling the highly dangerous substance that caused the accidents herein, petitioner not only would not have underwritten the risk for the small premium shown, but would not have written the risk at all and in spite thereof defendants claim coverage by petitioner."

The prayer is as follows: "And complainant prays that there be final declaratory decree of this Court declaring the rights, obligations and other legal relations of The Employers' Liability Assurance Corporation, Limited, of London, England, under its policy No. X 1052681, issued to C. E. Carnes & Company, Inc. of Crowley, La., and the rights and the legal relations of petitioner to all those suffering personal injuries or property damage from the accidents above recited and particularly the rights of all the defendants against petitioner on said policy and that none of the defendants have any rights whatsoever under said policy for damages or reimbursement."

Motions to dismiss and exceptions to the jurisdiction, based upon substantially the same grounds, have been filed by a number of the defendants. They say there is not diversity of citizenship between all parties whose interests would be opposed in this suit, and for this reason the courts of Louisiana alone have jurisdiction between the claimants, the insurer, and insured.

Defendants do not appear to dispute that there is a case or controversy between the plaintiff and themselves within the meaning of the federal statute, but contend that they each have a right under the state law to sue (a) the insured alone, or (b) the plaintiff and the insured together, at their option, and in either event the case could not be removed to this court, because they and the insured are citizens of the same state. It seems to be conceded that if they sued the plaintiff

alone, as they are permitted to do by the state statute, then the latter might remove, provided the amount claimed exceeded $3,000, on the ground of diverse citizenship.

It will be noted from the statement above, and quotations from the bill and its prayer, that what the plaintiff is seeking to have determined is whether the coverage of its policy extends to this particular accident. There is no doubt, from the pleadings, that those having claims arising from the alleged accident have asserted their rights to recover of the plaintiff sums in the aggregate in excess of the face of its policy; nor is there any question but that the insured will insist, to this extent, that plaintiff shall pay such claims as may be finally and legally sustained. In this respect, therefore, the interests of the insured and those of the other defendants are the same and adverse to those of plaintiff. Once this question of liability is settled, then the only remaining issues would be those of law and fact as to negligence, and the extent of the damage suffered by each individual claimant. The matter of plaintiff's liability to respond to any judgment against the insured within the limits of the policy would be forever closed by the present case. Should it prevail, then it would have no further concern in the litigation between the insured and the other defendants; if not, it could urge only such defenses as were open to the insured. In this sense, the judgment would be final and conclusive as to all parties.

In my opinion, the bill does not seek to have determined the issue of negligence or rights of the claimants against the insured; nor do I think it necessary that this should be done.

"Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised *although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.*" (Italics by the writer.) Aetna Life Insurance Co. v. Hayworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617, 108 A.L.R. 1000.

See, also, Associated Indemnity Corp. v. J. M. Manning et al., 9 Cir., 92 F.2d 168, decided September 27, 1937; Ohio Casualty Insurance Company v. Plummer et al., D.C., 13 F.Supp. 169; Commercial Casualty Company v. Humphrey et al., D.C., 13 F. Supp. 174.

The motions and pleas to the jurisdiction should therefore be overruled.

Proper decree should be presented.