## WESTERN CASUALTY & SURETY CO. v. ODOM et al.

### No. 388.

District Court, N. D. Texas, Wichita Falls Division.

Nov. 26, 1937.

Bromberg, Leftwich, Carrington & Gowan, of Dallas, Tex., for complainant.

Cantey, Hangar & McMahon and J. A. Gooch, all of Fort Worth, Tex., for respondents.

ATWELL, District Judge.

J. W. Jones was local distributor for the Gulf Oil Products Company and also the owner of the Gable Lunch Room. Both businesses were carried on at Vernon, Tex. He had as his manager in the lunch room, G. T. Odom.

Jones was covered by a policy in an amount within the jurisdiction of this court as agent for the Gulf Company, in whom the policy also vested. Jones gave his consent to the manager of his lunch room, Odom, to use the truck which the policy covered, to make a pleasure trip and to pass out circulars advertising the lunch room. Dorothy Freeman, Marie Johnston, and Everet Odom were guests of G. T. Odom on that trip. After passing out the circulars and attending a rodeo and a dance until some time after midnight, the return trip to Vernon was begun when the accident happened. G. T. Odom was driving the truck at the time and Dorothy Freeman and Marie Johnston and Everet Odom were injured. Dorothy Freeman, her father, J. M. Freeman, and Marie Johnston claimed the right to recover against G. T. Odom. Also, that, if the said Odom was unable to respond to a judgment so obtained, that suit would be brought against complainant, Western Casualty & Surety Company, on its policy to Jones, and, the Gulf Company. Odom and Jones also claimed that the complainant should pay any judgment within the limits of its policy that might be rendered against them. The Freemans and Johnston have filed, or threatened to file, suit. The company enters this court under the Declaratory Judgment Act of 1934 (Jud.Code § 274d, as amended, 28 U.S.C.A. § 400), it being a citizen of a state other than Texas. The cause seems to be one coming within the terms of that act. Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. It is an actual controversy within the meaning of the statute. The complainant also has a right to have determined whether it is obligated to stand a defense to driver Odom on account of the suit which has been brought, and in the suits that may be brought, growing out of the accident. A law remedy for that quandary is incomplete. While a learned law writer has doubted the necessity for having an amount within the jurisdiction of the national court, in order to invoke this remedy, it seems to me that his theory is erroneous, but since the amount is more than $3,000, here, that question need not be discussed.

See Hary et al. v. United Electric Coal Co. (D.C.) 8 F.Supp. 655. Other cases under this particular statute are, Gully v.

Interstate Natural Gas Co. (C.C.A.) 82 F.2d 145; Travelers Ins. Co. v. Young (D.C.) 18 F.Supp. 450; Ohio Casualty Co. v. Plummer (D.C.) 13 F.Supp. 169; Snyder v. National Union Co. (C.C.A.) 65 F.2d 844; Central Surety & Ins. Corporation v. Caswell (C.C.A.) 91 F.2d 607; Mississippi Power & Light Co. v. City of Jackson (D.C.) 9 F.Supp. 564; Bettis v. Patterson-Ballagh Corporation (D.C.) 16 F.Supp. 455; Great Atlantic & Pacific Tea Co. v. Grosjean, 301 U.S. 412, 427, 57 S.Ct. 772, 778, 81 L.Ed. 1193; Columbian Nat. Ins. Co. v. Foulke (C.C.A.) 89 F.2d 261.

The question of coverage is determined by the plain language of the policy which is to the effect that the automobile is to be used for "commercial purposes." And that the insured is not only the named insured, but also any person legally responsible for the use of the automobile, provided, that, the declared and actual use of the same is "pleasure and business," or "commercial," "as defined in the policy," and, provided, further, "that the actual use is with the permission of the named insured." Such language means the commercial business of Jones as set out in the policy, to wit, as agent for the Gulf Company, and not as the proprietor of the Gable Lunch Room. Pleasure means the pleasure of Jones, the insured, which he gets from its use and the use by his family, with his permission. These conclusions result from a careful reading of subdivision (a) of item 6:

"The term 'pleasure and business' is defined as personal, pleasure, family and business use. (b) the term 'commercial' is defined as the transportation, or, delivery of goods or merchandise, and, other business uses in connection with the insured's business, occupation, as expressed in item 1, including actual pleasure use for the named insured, and family." See Williams v. American Automobile Insurance Co. (C.C.A.) 44 F.2d 704; also State Farm Mutual Automobile Association v. Joe Self, C.C.A.5, 93 F.2d 139.

It follows that when Jones loaned the truck to Odom to carry his (Odom's) friends, for pleasure, and, to distribute circulars for another business than that which is set out in item 1 of the policy, that the truck was not being used within the terms of the policy, and those who so used it were not entitled to its coverage.

Decree may go for the complainant, with prayed restraint.