## AMERICAN FIDELITY & CASUALTY CO.
### v. IGO et al.
### No. 916.

District Court, E. D. Kentucky, Lexington.

Feb. 23, 1938.

394

R. W. Keenon, B. L. Kessinger, and Keenon, Huguelet & Kessinger, all of Lexington, Ky., for plaintiff.

Stoll, Muir, Townsend & Park, of Lexington, Rodney Haggard, of Winchester, and Courtney C. Wells, of Hazard, for defendants.

FORD, District Judge.

This is an action under the Federal Declaratory Judgment Act, Judicial Code § 274d, as amended, 28 U.S.C.A. § 400, seeking a determination and declaration of the rights and obligations of the plaintiff under a policy of automobile liability insurance issued by the plaintiff to the defendant Arlie Igo, covering a Dodge automobile. It is alleged that prior to the institution of this suit the automobile covered by the policy was involved in a collision resulting in injuries to certain of the defendants named in this action, as a consequence of which various judgments have been rendered against the defendant Arlie Igo, the assured, and he and the judgment creditors have demanded and are demanding that the plaintiff satisfy the judgments. The plaintiff contends that, under the terms and limitations of the policy, it is not liable for the damages arising out of the collision referred to.

It sufficiently appears from the bill that the dispute relates to legal rights and obligations arising from the insurance contract. The dispute between them is definite and concrete, not hypothetical nor abstract. The parties have taken adverse positions with respect to their legal rights and obligations under the contract. On the one side, the defendants claim that the plaintiff is liable to them for the judgments which they have recovered, and have demanded satisfaction of that liability. This is a claim of a present specific right. On the other side, the company has made an equally definite and specific claim that by reason of certain limitations set out in the policy it is under no obligation to the defendants or any of them. The dispute presented by the bill does not call for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts. Clearly, such a dispute presents a controversy to which the judicial power extends and which, by the Declaratory Judgment Act, Congress has conferred jurisdiction upon the District Court to hear and determine. Whatever diversity of opinion may have previously existed as to the scope of the Declaratory Judgment Act or as to the meaning of the term "actual controversy," as used in the act, these questions have been clearly and definitely settled by the Supreme Court in the recent case of Ætna Life Insurance Co. v. Haworth, decided March 1, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, and that case is applicable and controlling upon the questions here presented.

Diversity of citizenship as between the parties is shown to exist and the requisite jurisdictional amount is involved. I am of the opinion that the court has jurisdiction of the action and that the several motions to dismiss the bill should be overruled. Let an order be entered in conformity herewith.