## MARYLAND CASUALTY CO. v. TIGHE et al.*

### No. 4279–S.

District Court, N. D. California, S. D.

June 30, 1938.

Treadwell & Laughlin, of San Francisco, Cal., for plaintiff.

Charles B. Morris, of San Francisco, Cal., for defendants Ah Chong and Leong Cheung.

Yovino-Young & Ryan, of Oakland, Cal., for defendant Mazilla Tighe.

LINDLEY, District Judge.

Plaintiff seeks a declaratory judgment under the Act of Congress, 28 U.S.C.A. § 400. It avers that it issued an automobile insurance policy to defendant Ah Chong. While it was in effect defendant Tighe was injured, as she now claims, because of the negligence of defendant Leong Cheung, driving Ah Chong's car. Tighe has filed suit in the state court seeking to recover damages for personal injuries thus incurred in the amount of $5,000. The policy purports to protect Ah Chong from liability for such damages under certain circumstances, and the facts are averred to be such that the liability alleged by Tighe to exist does not attach against the insurer under the policy. Plaintiff prays, therefore, that the court declare the rights and legal relations of the parties; that it decree that plaintiff is under no obligation to defend the action pending in the state court and not liable under said policy for Tighe's injuries and that the court grant a preliminary injunction restraining defendants from prosecuting the action.

The defendants resist the motion for temporary injunction, and Tighe presents what is termed a demurrer, but which the court will consider a motion to dismiss, the latter being the proper pleading in this court. Defendants contend that the complaint does not state facts sufficient to justify an injunction or a decree for declaratory relief and that the court is without jurisdiction.

The specific question involved is settled in this jurisdiction by Associated Indemnity Corporation v. Manning, 92 F.2d 168. There the Circuit Court of Appeals for the Ninth Circuit reversed the opinion of the District Court, reported in 16 F. Supp. 430, relied upon by Tighe in her motion to dismiss. The Circuit Court of Ap-

*Appeal dismissed 99 F.2d 727.

peals for the Eighth Circuit, in Western Casualty & Surety Co. v. Beverforden, 93 F.2d 166, and that of the Fifth Circuit, in Central Surety & Ins. Corporation v. Caswell, 91 F.2d 607, came to the same conclusion. In the first of the two latter cases the court pointed out that the fact that the insurance company might, in the suit for personal injuries, raise the defense that it is not liable did not militate against the sufficiency of the prayer for relief. In the second, the court reversed a decree denying an injunction pendente lite. Various District Courts have reached similar conclusions. American Motorists Ins. Co. v. Busch, 22 F.Supp. 72, D.C. Southern Dist. of California; Employers' Liability Assur. Corporation v. C. E. Carnes & Co., 22 F. Supp. 259, D.C. Louisiana; Maryland Casualty Co. v. Hubbard, 22 F.Supp. 697, D.C. California; American Fidelity & Casualty Co. v. Igo, 22 F.Supp. 393, D.C. Kentucky.

Accordingly the motion for temporary injunction is allowed, and the motion to dismiss overruled.