## STANDARD ACC. INS. CO. v. ALEXANDER, Inc., et al.

District Court, N. D. Texas, Dallas Division.

June 30, 1938.

808

Touchstone, Wight, Gormley & Price, of Dallas, Tex., for complainant.

ATWELL, District Judge.

The complainant alleges that Everts claims that he was standing on the platform of Alexander, Incorporated, at Breckenridge, Texas, in August, 1937, and that as a result of faulty and defective planks in the platform, which was well known to Alexander, Incorporated, he was injured. It alleges that this happening was unknown to it. That it had theretofore insured Alexander, Incorporated, in a liability contract to the extent of $10,000 and $20,000, by which contract it was to have immediate notice, in writing, of any happening coming within the liability.

That eight and one-half months after August, 1937, Everts brought a suit in the state court against Alexander, Incorporated, for $25,000 for the alleged platform injury. That Alexander, Incorporated is demanding that it assume the defense of said suit.

As I understand the provisions of the contract between the complainant and the insured, the insurer is bounden to defend the insured in any action brought against it for damages covered by the policy. But it claims that since it had no notice, as provided by the contract, of the alleged accident and injury, that it is not liable.

It is not a party to the state court suit.

It asks a restraining order against the parties to that state court suit, and as a basis for that prayer claims that under its contract with Alexander, Incorporated, it is not liable to pay any judgment that the plaintiff in the state court suit may recover against Alexander, Incorporated, because Alexander, Incorporated, gave no notice to it of any accident until eight and one-half months after it had occurred.

It is manifest, therefore, that it has not as yet been sued and that the only amount involved is the expense of defending Alexander, Incorporated, in the state court suit. I am not advised as to the exact wording of the contract with reference to the expense of defending actions under the policy. See Commercial Cas. Ins. Co. v. Humphrey, D.C., 13 F.Supp. 174; Travelers Ins.

Co. v. Young, D.C., 18 F.Supp. 450; and United States Fidelity & Guaranty Company v. Pierson, D.C., 21 F.Supp. 678, 682. The only liability that the complainant shows as now being pressed against it, is to defend the state court suit. We have no right to assume that the amount of the expense of such a defense will exceed the sum of $3,000. We have no right to assume that the plaintiff in the state court suit will recover against Alexander. In any event, the complainant here would not be compelled to pay any judgment that was rendered there until it had its day in court on its contract, which provides that it shall not be liable unless it receives written notice immediately of the alleged accident.

■ The contractual obligation to defend actions brought against the insured will sustain a declaratory judgment complaint, but I know of no equity rule that would give this court jurisdiction of that sort of an action when the amount in controversy is below $3,000, or, not definitely established to be in excess thereof.

■ In Western Casualty & Surety Co. v. Odom, D.C., 21 F.Supp. 574, I mentioned, that, a learned law writer had expressed doubt concerning the necessity for having an amount within the jurisdiction of the national court in order to invoke this remedy, but as I understand the Declaratory Judgment statute, 28 U.S.C.A. § 400, it is merely an added ground upon which the litigant may enter the national court, and, that it does not supersede nor do away with any of the jurisdictional requisites. The amount in controversy, the staying of state court suits, and equity jurisdiction must all continue to have vital parts in any suit that is ruled. See such cases as: Southern Pacific Company v. McAdoo, 9 Cir., 82 F.2d 121; Automotive Equipment v. Trico Products Corporation, D.C., 10 F. Supp. 736; Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779; Aetna Casualty & Surety Company v. Quarles, 4 Cir., 92 F.2d 321.

■ Where there is a showing that the rights of the insured against the insurer will be fully determined in the state action, without the imminence of other controversies, the national court will not stay the state court suit nor retain a declaratory application.

The suit in the state court and this suit here are each in personam. The state court suit was brought first.

■ Suits of that nature may continue in the two jurisdictions until final judgment is reached in one of them. Where it is apparent that in the state court suit the rights of the insurer, as well as the rights of the insured, for that matter, will be fully determined, there is no reason for staying the state court suit.

■ The national statute, 28 U.S.C.A. § 379, which protects the state court from such interference by the national court, is not set aside by the Declaratory Judgment Act. That Act merely brought into being another exception to the operation of the statute which inhibits the staying of actions in the state court. But if the state court action will be as full and complete as the Declaratory Judgment remedy in the national court, there would be no such exception as would justify the giving of the new statutory remedy the right-of-way. The rule then would be the same as it has always been, namely, that the two suits would proceed in the two jurisdictions until final judgment is reached in one of them which then may be pleaded as res adjudicata in the uncompleted action.

This procedure saves a conflict of courts and preserves that comity which has always been highly desired. In re Richardson's Estate, D.C., 294 F. 349; Lewis et al. v. Schrader et al., D.C., 287 F. 893; Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293; Harnischfeger Sales Corp. v. National Life Ins. Co., 7 Cir., 72 F.2d 921; Krauss Bros. Lumber Co. v. Louis Bossert & Sons, 2 Cir., 62 F.2d 1004; Harkin v. Brundadge, 276 U.S. 36, 48 S.Ct. 268, 72 L. Ed. 457.

■ It being apparent that the suit which Everts has brought in the state court may result in a judgment against Alexander, Incorporated, which may form the basis of a suit by Alexander, Incorporated, against the complainant, and even, for that matter, a suit by Everts against the complainant, and it being further apparent that the present state court suit does not determine the complainant's liability, either to respond to a final judgment, or, to defend, as requested by Alexander, Incorporated, it seems to be appropriate that a stay order issue preventing the parties to that suit from proceeding until this court can act upon the application to determine and declare the liability under the policy.