## PRUDENTIAL INS. CO. OF AMERICA v. BOHLKEN.

### No. 791.

District Court, W. D. Missouri, W. D.
June 16, 1941.

Michaels, Blackmar, Newkirk, Eager & Swanson, of Kansas City, Mo., for plaintiff.

Dwight Roberts and Earl J. Boughan, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit for a declaratory judgment. The petition states a good cause of action under the declaratory judgment act, 28 U. S.C.A. § 400. However, by answer the defendant asserted that the policy issued by the plaintiff and all rights arising or accruing thereunder had been transferred to Roswell W. Chandler and that the said Chandler had long prior to the institution of this suit filed a suit on said policy as such assignee in the Circuit Court of Jackson County, Missouri. By a replication the plaintiff denies such assignment, but says that if same was made it was fraudulently made and for the purpose of defeating the jurisdiction of this court, and, moreover, that the assignor, the defendant in this case, still retained all her right and interest in said policy.

The evidence at the hearing on the plea to jurisdiction showed that the assignee of the policy, Roswell W. Chandler, filed suit thereon on January 2, 1941. This suit was filed February 7, 1941. The evidence was that the assignment was made in order that a suit on behalf of the beneficiary might be prosecuted in the name of the assignee and that, in the event of recovery, the proceeds thereof would be turned over to the assignor.

1. It was not fraudulent or wrong for the beneficiary in the insurance policy to make an assignment for all the purposes indicated. As well said by the Supreme Court of Missouri in Owens v. Owens, 146 S.W.2d 569, loc. cit. 577: "'One cannot be guilty of fraud by doing what he has a legal right to do. A court does not inquire into one's motives for doing a. lawful act.'"

Perforce provisions of Sections 849 and 850, R.S.Mo.1939, Mo.St.Ann. §§ 698, 699, pp. 900, 906, it is permissible for an assignee or a trustee to sue in his own name

even though the assignment was made solely for the purpose of maintaining a suit in the name of an assignee or trustee. Citation of authorities is unnecessary in support of this proposition.

2. It is contended by counsel for the plaintiff that this proceeding might be maintained notwithstanding the pendency of the state court action. In the case of Western Supplies Co. v. Freeman, 109 F.2d 693, loc. cit. 695, the Court of Appeals, Sixth Circuit, said: "We are of the opinion that a suit may not be maintained under the Declaratory Judgment Act when another suit between the same parties, involving the same subject matter, is pending in another court of competent jurisdiction and the parties are thereby enabled to procure a full and immediate adjudication of their rights."

The same principle was announced in Ætna Casualty Company v. Yeatts, 4 Cir., 99 F.2d 665, loc. cit. 669, as follows: "It is well established that the benefits of the statute should not be extended unless there is an actual present controversy between the parties, and even then the court should not decide the disputed question if the result would be merely to anticipate the trial of an issue involved in a pending case or to determine the validity of a defense which could be tried equally well therein or to try a controversy piecemeal without complete decision of the matters in dispute."

3. It is contended, however, that the suit is not between the same parties and that the plaintiff has a right to proceed against the assignor for the reason that she would have the right as the beneficiary of the trusteeship to maintain the suit independently of the trustee or assignee. She could only do this in cases where the trustee had not instituted an action. In trusteeships, if this may be regarded as one, the trustee may sue without joining the cestui que trust or the cestui que trust may sue without joining the trustee, or both may join in the same action, but the two of them cannot maintain independent suits.

4. In this case the plaintiff has an unrestricted right to raise and have adjudicated the identical questions presented here in the action now pending wherein the assignee is plaintiff. Upon an adjudication in the state court suit the plaintiff would not be further vexed by claims of the assignor.

5. Moreover, a judgment in this court either for or against the defendant would not affect the litigation in the state court. The plaintiff in that case would have a right to contend, notwithstanding an adverse judgment here, that, as the assignee, he was entitled to maintain his action.

Upon the evidence this proceeding should be dismissed, and it will be so ordered.