## HARY et al. v. UNITED ELECTRIC COAL CO.
### No. 4645.

District Court, E. D. Illinois.

Oct. 18, 1934.

George W. Dowell, of DuQuoin, Ill., and C. C. Dreman, of Belleville, Ill., for plaintiff.

Wm. M. Acton, of Danville, and Baker & Lesemann, of East St. Louis, Ill., for defendant.

WHAM, District Judge.

This is a suit by the plaintiffs under the Federal Declaratory Judgment Act (section 274d, Jud. Code, section 400, title 28 USCA).

By their bill of complaint plaintiffs set up the provisions of section 7(a) of the National Industrial Recovery Act (15 USCA § 707(a) and provisions of the Bituminous Coal Code of Fair Competition promulgated thereunder, and, alleging themselves to be employees and the chosen representatives of employees of the defendant, they claim under said act and code, as against the defendant, certain rights. They seek to have this court declare those rights. They also seek to have this court declare the effect of a certain so-called "Emergency Contract" between defendant and others, upon the rights of the plaintiffs in their relations to defendant under said act and code; to declare the validity or invalidity of the National Industrial Recovery Act and the Bituminous Coal Code of Fair Competition under the Constitution of the United States; to declare the jurisdiction and authority of the Bituminous Coal Labor Board, Division II, and the National Bituminous Coal Labor Board under said code in connection with a controversy as to who are the chosen representatives of defendant's employees; and to declare "whether or not further relief is or could be prayed under the National Bituminous Coal Labor Board, created under the Bituminous Coal Code above mentioned."

The foundation of the plaintiffs' suit is the rights they claim as against the defendant under section 7(a) of the National Industrial Recovery Act and the Bituminous Coal Code promulgated thereunder, and which rights they seek to have the court declare. Aside from said act and code, plaintiffs have no legally enforceable rights against the defendant either to be employed or to be dealt

with through representatives of their own choosing.

■ Defendant has filed, under a limited appearance, its motion to dismiss the suit, basing said motion on numerous grounds. After consideration I have come to the conclusion that the court is compelled to sustain the motion to dismiss on the ground urged in said motion that the court is without jurisdiction to declare the rights of the plaintiffs under section 7(a) of the National Industrial Recovery Act and the Bituminous Coal Code promulgated thereunder in a private suit brought by the plaintiffs against the defendant. It thus becomes unnecessary to consider the other grounds set up in the motion to dismiss.

It seems clear that the Declaratory Judgment Act has not given this court jurisdiction over any controversy that would not be within its jurisdiction if affirmative relief were being sought. The act simply declares that this court has power "in cases of actual controversy * * * to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed. * * *" Thus that which was heretofore doubted is made clear, that, in any actual controversy wherein this court otherwise has jurisdiction of the subject-matter and the parties, the court has the power to declare the rights of the petitioner, even though the controversy has not ripened into a case wherein affirmative relief is or could be sought or given. That is all. The right of the court to assume jurisdiction of the suit is left to be determined by the same principles that theretofore prevailed.

It is believed that, if Congress had intended by this act to empower this court to take jurisdiction of cases that but for the act would be within the exclusive jurisdiction of other tribunals or within the jurisdiction of this court only if brought by the Attorney General of the United States, appropriate language to that end would have been used. For example, section 11 of New Zealand's Declaratory Judgment Act of 1908, in order to accomplish that very purpose, provides: "The jurisdiction hereby conferred upon the Supreme Court * * * shall not be excluded by the fact that said court has no power to give relief in the matter to which the judgment or order relates, or that such matter would independently of this Act, be within the exclusive jurisdiction of any other court." Borchard's Declaratory Judgments, pp. 144–146.

That this court is without jurisdiction to determine rights between plaintiffs and defendant, in a private suit in which plaintiffs' claim, as employees of the defendant, rights and benefits under the provisions of the National Industrial Recovery Act and the Bituminous Coal Code, seems clear from a study of the said act and code in the light of settled principles of law as declared in many cases. That this court is without jurisdiction in such case was specifically decided by this court in the case of Progressive Miners of America, etc., v. Peabody Coal Co. et al. (D. C.) 7 F. Supp. 340. When a court lacks jurisdiction over the substance of a suit, it is likewise without jurisdiction to determine and declare the answer to constitutional questions incidentally arising in connection therewith. Of the same incidental nature is the effect of the so-called "Emergency Contract" upon the rights and obligations between plaintiffs and defendant which arise under the provisions of said act and code.

Defendant's motion to dismiss plaintiffs' bill of complaint must be, and is hereby, sustained.