**SOUTHERN PAC. CO. v. McADOO.**[*]

**No. 7954.**

Circuit Court of Appeals, Ninth Circuit.

March 9, 1936.

Guy V. Shoup and C. O. Amonette, both of San Francisco, Cal., and George L. Buland, of New York City (Ben C. Dey, of San Francisco, Cal., of counsel), for appellant.

Glikbarg & Wolf and Goldman & Altman, all of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

This is an appeal from a declaratory judgment rendered by a District Court of the United States (10 F.Supp. 953) in a proceeding removed to that court from a state court of California. The proceeding was commenced under the California Declaratory Judgment Act of May 27, 1921 (Statutes of 1921, c. 463, p. 689, Code of Civil Procedure, §§ 1060–1062). The only relief sought is a declaratory judgment.

The question we have to decide is whether the District Court had jurisdiction of this proceeding. Though not raised by the parties, this question is necessarily before us and must be decided. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338.

Unless this proceeding was within the original jurisdiction of the District Court, it could not be brought within that jurisdiction by removal. In re Winn, 213 U.S. 458, 464, 29 S.Ct. 515, 53 L.Ed. 873. Unless it presents a "case" or "controversy," within the meaning of section 2, art.

[*]Rehearing denied April 13, 1936.

3 of the Constitution, it is not within the jurisdiction of any federal court. Nashville, C. & St. L. Ry. Co. v. Wallace, 288 U.S. 249, 259, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Willing v. Chicago Auditorium Ass'n, 277 U.S. 274, 289, 48 S.Ct. 507, 72 L.Ed. 880; Liberty Warehouse Co. v. Grannis, 273 U.S. 70, 74, 47 S.Ct. 282, 71 L.Ed. 541. `Unless it is a "suit of a civil nature, at law or in equity," within the meaning of sections 24 and 28 of the Judicial Code, as amended (28 U.S.C.A. §§ ·41, 71)`, it was not within the original jurisdiction of the District Court, as defined by section 24, and was therefore not removable to the District Court under section 28. Assuming that it does present a "case" or "controversy," and that it is a "suit of a civil nature, at law or in equity," still it was not removable to the District Court under section 28, unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.

We have now to consider whether the Federal Declaratory Judgment Act of June 14, 1934, c. 512, 48 Stat. 955 (Judicial Code, § 274d, 28 U.S.C.A. § 400 and note), has enlarged the jurisdiction of the District Court in this respect. This act[1] provides: "In cases of actual controversy * * * the courts of the United States shall have power upon petition, declaration, complaint, or other appropriate pleadings to declare rights and other legal relations of any interested party petitioning for such declaration, whether or not further relief is or could be prayed, and such declaration shall have the force and effect of a final judgment ·or decree and be reviewable as such."

■ The only rights which this act empowers the federal courts to declare are those of "any interested party petitioning for such declaration." Appellee has petitioned for a declaration of her rights and those of "all persons similarly situated," with respect to the interest coupons attached to certain bonds issued by appellant, but the only "party petitioning for such declaration" is appellee herself. Therefore, the District Court's jurisdiction, if any, in this case was limited to a declaration of appellee's rights. For jurisdictional purposes, the rights of other persons, whether similarly situated or not, must be disregarded. Unless, as thus limited, the case was one within the original jurisdiction of the District Court, it should have been remanded to the State Court.

■ The Declaratory Judgment Act (Judicial Code, § 274d, 28 U.S.C.A. § 400 and note) is limited in its operation to those cases which would be within the jurisdiction of the federal courts if affirmative relief were being sought. Putnam v. Ickes, 64 App.D.C. 339, 78 F.(2d) 223, 226; Zenie Bros. v. Miskend (D.C., S.D.N.Y.) 10 F. Supp. 779, 781; Automotive Equipment v. Trico Products Corp. (D.C., S.D.N.Y.) 10 F.Supp. 736, 738; Mississippi Power · & Light Co. v. Jackson (D.C., S.D.Miss) 9 F.Supp. 564, 570; Hary v. United Electric Coal Co. (D.C., E.D.Ill.) 8 F.Supp. 655, 656. See, also, United States v. West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 79 L.Ed. 1546. The mere fact that a declaratory judgment is sought is not, of itself, a ground of federal jurisdiction.

■ This proceeding was removed to the District Court on the ground of diverse citizenship, and on the further ground that a federal question is involved. The record shows, without dispute, that appellee, plaintiff below, is a citizen of California, and that appellant, defendant below, is a citizen of Kentucky. Even so, and assuming also that a federal question is involved, still the District Court had no jurisdiction, unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, § 24, as amended, 28 U.S.C.A. § 41.

Appellant's petition for removal states that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, but this is not borne out by the record. Appellee's complaint alleges, and the District Court finds, that appellee is the owner of one 4 per cent. bond, of the par value of $1,000, issued by appellant on April 1, 1910, due April 1, 1950, together with 33 interest coupons attached thereto, payable semiannually on April 1 and October 1 of each year from April 1, 1934, to April 1, 1950, inclusive.

As to the principal of this bond, no controversy is alleged or found to exist. The controversy, if any, relates to the interest coupons. This, the complaint alleges and the District Court finds, is a controversy as to whether the coupons are payable, at

---

[1] The act was amended by section 405 of the Act of August 30, 1935, c. 829, 49 Stat. 1027 (28 U.S.C.A. § 400), so as to exclude from its provisions controversies with respect to federal taxes.

appellee's option, in any one of the several foreign moneys specified therein, or whether, as claimed by appellant, they are payable only in money of the United States.

Measured in United States money, the coupons have, or will have when due, a value of $20 each; their total value being $660. The value, if any, of the foreign moneys in which they are said to be payable is not alleged in the complaint, nor is it found by the court. There is, indeed, no allegation or finding that these foreign moneys have any value whatever. We cannot assume that their value exceeds that of the United States money in which the coupons are also admittedly payable. This falls far short of the requisite jurisdictional amount.

Therefore, assuming, without deciding, that this proceeding presents a "case" or "controversy," within the meaning of section 2, art. 3, of the Constitution, that it is a "suit of a civil nature, at law or in equity," within the meaning of sections 24 and 28 of the Judicial Code, as amended (28 U.S. C.A. §§ 41, 71), and that it is a case "of actual controversy," within the meaning of the Declaratory Judgment Act (Judicial Code, § 274d, 28 U.S.C.A. § 400 and note), still we must and do hold that the matter in controversy is insufficient in value to bring it within the jurisdiction of the District Court.

The judgment is reversed, and the case is remanded to the District Court, with directions to remand it to the state court.