**BRADFORD et al. v. CITY OF SOMERSET.**

**No. 137.**

District Court, E. D. Kentucky, London.

Oct. 23, 1942.

Victor F. Schmidt, of Rossmoyne, Ohio, and H. C. Kennedy, of Somerset, Ky., for plaintiffs.

C. L. Tarter and R. C. Tartar, both of Somerset, Ky., for defendants.

FORD, District Judge.

The plaintiffs, on behalf of themselves and all other of "Jehovahs Witnesses" engaged in selling and distributing books, pamphlets and periodicals in the City of Somerset, Ky., invoke the jurisdiction of this Court to enjoin the City of Somerset, its officers and agents, from enforcing against them an ordinance of the city which makes it unlaw-

172

ful for any person to engage in the business of "peddler" without first having procured a license so to do, as provided in the ordinance. They also seek a declaratory judgment declaring the ordinance unconstitutional and void upon its face and as applied to them.

The business of "peddler" is defined by the ordinance as that of going from house to house or from place to place in the city selling, taking orders for or offering to sell or take orders for goods, wares, merchandise or literature.

Plaintiffs assert that original jurisdiction of the District Court of the United States is conferred by the Civil Rights Act, 28 U.S.C.A. § 41(14), on the ground that the ordinance, upon its face, deprives them of civil rights secured to them as citizens of the United States by the Constitution. In the alternative, they contend that the allegations of the bill of complaint to the effect that the ordinance is unconstitutionally oppressive, prohibitory and confiscatory presents a justiciable controversy within the jurisdiction of this Court under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400.

■ In view of the decision of the Supreme Court in Jones v. City of Opelika, June 8, 1942, 316 U.S. 584, 62 S.Ct. 1231, 86 L.Ed. 1691, the plaintiffs' contention that the facts alleged are sufficient to make out a case of deprivation of civil rights within the jurisdiction of the Court under the Civil Rights Act, 28 U.S.C.A. § 41(14), is clearly untenable.

■ The Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, is merely a procedural statute which provides an additional remedy available in respect to justiciable controversies of which the Federal Courts otherwise have jurisdiction. It does not draw into the Federal Courts all controversies of a justiciable nature. It is available only in cases having the essential jurisdictional ingredients prescribed by the provisions of the Constitution and laws of the United States which regulate and control such matters. Southern Pac. Co. v. Mc-Adoo, 9 Cir., 82 F.2d 121, 122; Putnam v. Ickes, 64 App.D.C. 339, 78 F.2d 223, certiorari denied 296 U.S. 612, 56 S.Ct. 132, 80 L.Ed. 434; Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321, 323; Mutual Life Ins. Co. of New York v. Moyle, 4 Cir., 116 F.2d 434, 437; United States v. State of West Virginia, 295 U.S. 463, 475, 55 S.Ct. 789, 79 L.Ed. 1546.

■ Since this is not a suit between citizens of different states, the only ground upon which Federal jurisdiction might rest is that it is one which "arises under the Constitution or laws of the United States." Original jurisdiction of the Federal District Court upon that ground is conferred only "where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000." 28 U.S.C.A. § 41(1).

In Healy v. Ratta, 292 U.S. 263, 264, 54 S.Ct. 700, 78 L.Ed. 1248, an Act of the State of New Hampshire requiring a license for peddlers was attacked on constitutional grounds. In denying Federal jurisdiction for lack of requisite amount in controversy, the Court said:

"From the beginning suits between citizens of different states, or involving federal questions, could neither be brought in the federal courts nor removed to them, unless the value of the matter in controversy was more than a specified amount. Cases involving lesser amounts have been left to be dealt with exclusively by state courts, except that judgment of the highest court of a state adjudicating a federal right may be reviewed by this court. Pursuant to this policy the jurisdiction of federal courts of first instance has been narrowed by successive acts of Congress, which have progressively increased the jurisdictional amount. The policy of the statute calls for its strict construction. The power reserved to the states, under the Constitution, * * * to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the judiciary sections of the Constitution * * *. See Kline v. Burke Construction Co., 260 U.S. 226, 233, 234, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077. Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined. See Matthews v. Rodgers, supra [284 U.S. 521]· at page 525, 52 S.Ct. 217, 76 L.Ed. 447; compare Town of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249." 292 U.S. at pages 269, 270, 54 S.Ct. at page 703, 78 L.Ed. 1248.

■ It is neither alleged nor claimed that the matter in controversy in this case exceeds the sum or value of $3,000. The absence of this indispensable prerequisite precludes this court from entertaining jurisdiction of the case and it is unnecessary to decide whether or not jurisdiction is also in-

hibited by the amendment to Section 24 of the Judicial Code by the Act of August 21, 1937, 28 U.S.C.A. § 41(1), as amended.

In Teague v. Brotherhood of Locomotive Firemen, etc., 6 Cir., 127 F.2d 53, 56, affirming the action of the lower court dismissing the case for want of a Federal question, the Court made an observation which seems as applicable to this case as to the one in respect to which it was made. The Court said:

"If the allegations of the complaint are true, the appellant has a grievance, and one that is substantial and not merely colorable or fanciful. Somewhere must reside judicial power to adjudicate it, and grant him and others of his class adequate relief. It is not within our province to say how or where. We have but to point out that he has mistakenly selected his forum, and that the limitations upon the Federal judicial power and the rules by which they are defined, require that the decree below be, and it is, Affirmed."

An order should be entered dismissing this case for lack of jurisdiction.