678

## ELLIOTT et al. v. AMERICAN MFG. CO. OF TEXAS.

### No. 10498.

Circuit Court of Appeals, Fifth Circuit.

Nov. 16, 1943.

Robert B. Watts, Gen. Counsel, Ernest A. Gross, Associate Gen. Counsel, and Charles F. McErlean, Atty., National Labor Relations Board, all of Washington, D. C., for appellants.

Richard U. Simon, of Fort Worth, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

American Manufacturing Company sought a declaratory judgment against National Labor Relations Board, Edwin A. Elliott, the Regional Director of the Board, Ralph S. Clifford, its Field Examiner, and Lodge No. 791 of the International Association of Machinists. The service on the Labor Board was quashed and it was dismissed from the case. Motions to dismiss of Elliott and Clifford were overruled, and a decree entered, they electing to stand on their motions to dismiss. They appeal.

One ground of the motions to dismiss is that no actual controversy is disclosed by the petition within the meaning of the Declaratory Judgments Act, 28 U.S.C.A. § 400, or any justiciable controversy, between them and American Manufacturing Co. The petition alleges that the Company was engaged in manufacturing war materials for the national defense, and was forbidden by the contracts with the Secretaries of the Army and Navy to disclose to any person not entitled to receive it any information as to the nature and extent of its work, the number and classification of its employees, size of its plant and volume and distribution of its products; that a charge of unfair labor practices had been received by the Labor Board and Elliott had written a letter stating that a field examiner had been assigned to investigate the charge and make inquiry as to the general nature of the business, number and classification of employees, and volume and distribution of the products, and co-operation was requested. Shortly afterwards Clifford, Field Examiner, appeared at the plant and there was a discussion as to whether he was entitled to see the petitioner's records, Clifford saying that willingness to co-operate now may be the means of avoiding disruption of production later. The petitioner feared that disclosure would violate its contracts and the Board's investigation would cause employee restlessness, and the war effort be impaired, and it prayed in general terms that the court "declare the rights and legal relations" of the parties.

■ ■ We do not think a concrete actual controversy is disclosed. The representative of the Labor Board has merely requested co-operation by a voluntary disclosure which the petitioner does not think

it ought to give. The National Labor Relations Act states the functions and duties and powers of the Labor Board, and specifies the functions of the courts in the business of the Board. Section 11, 29 U.S. C.A. § 161, provides for inquiries conducted by agents of the Board, and for hearings, and subpoenas issued and enforced by the District Court, to procure testimony and documents. The remedy against forced improper disclosure, and the opportunity for testing its propriety, is simply to refuse to disclose and to have the District Court rule upon the matter in enforcement proceedings. Since this judgment was rendered, we have so decided as to proceedings under the Federal Power Act, 16 U.S. C.A. § 791a et seq. Mississippi Power & Light Co. v. Slaff, 5 Cir., 131 F.2d 148; and under the Securities Exchange Act, 15 U.S.C.A. § 77a et seq., Guaranty Underwriters, Inc. v. Johnson, 5 Cir., 133 F.2d 54. See also Bradley Lumber Co. v. National Labor Relations Board, 5 Cir., 84 F. 2d 97. Under Rule of Civil Procedure 57, 28 U.S.C.A. following section 723c, the existence of another legal remedy does not preclude a declaratory judgment when the latter is appropriate, but we think it not appropriate for the courts to interfere prematurely in the proceedings of the public boards and commissions, nor to depart without good reason from the procedure the statutes lay down in respect of them.

The judgment is reversed, and the cause remanded, with direction to dismiss the petition.

Reversed.