**CALIFORNIA ASS'N OF EMPLOYERS v. BUILDING AND CONSTRUCTION TRADES COUNCIL OF RENO, NEV. AND VICINITY, et al.**

No. 12150.

United States Court of Appeals
Ninth Circuit.

Nov. 28, 1949.

Brown & Wells and Theodore Haugh, Reno, Nev., for appellant.

Morley Griswold, George L. Vargas, Leslie E. Riggins, Reno, Nevada, P. H. McCarthy, Jr., San Francisco, Cal., for appellees, Bldg. & Const. Trade Council, et al.

David P. Findling, Asso. Gen. Coun., A. Norman Somers, Asst. Gen. Counsel; Mozart G. Ratner and Norton J. Come, Attorneys, NLRB., Washington, DC., Louis S. Penfield, Chief Legal Officer, NL RB., San Francisco, Cal., for appellee, NLRB.

Before POPE, Circuit Judge, and LING and BLACK, District Judges.

LING, District Judge.

This is an appeal from an order of the United States District Court for the District of Nevada dismissing the complaint brought by California Association of Employers[1] for a declaratory judgment and for injunctive relief against Building and Construction Trades Council of Reno, Nevada, and vicinity.[2] The Association and the Trades Council had entered into a master industry collective bargaining agreement effective to and including May 21, 1948. The contract contained a closed shop ("union referral slip") clause, provisions for extension, and provisions for ratification by constituent members. Only five individual labor organizations had formally ratified. The complaint, after setting out the contract, alleged that on and after March 15, 1948, the Association negotiated with the Trades Council concerning those provisions affected by the Labor Manage-

---

1. California Association of Employers (hereafter called the Association) is a California corporation, doing business in Nevada under the fictitious name of Reno Employers Council. It is the collective bargaining representative of a majority of the building materials and construction firms in northeastern California and northwestern Nevada

2. Building and Construction Trades Council (hereafter called the Trades Council) is the collective bargaining representative of various labor organizations, of which sixteen were named defendants herein. One, Local Union of Operating Engineers, No. 3, appeared specially, challenging the jurisdiction of the district court.

ment Relations Act of 1947, 61 Stat. 136, 29 U.S.C.A. § 141 et seq. The Trades Council took the position that the building industry was not covered by the Act and insisted on the retention of the closed shop provisions as a condition to bargaining. Negotiations thereupon ceased. It was further alleged that the firms represented by the Association are engaged in interstate commerce; that the refusal to bargain by the Trades Council was not in good faith; that inclusion of closed shop provisions in a new contract would violate the Act; and that termination of contract negotiations would disrupt interstate commerce.

The Association prayed for a declaratory judgment as to whether or not the Labor Management Relations Act of 1947 governs any collective bargaining agreement between the parties, for a temporary restraining order, and, after notice, for a preliminary injunction preserving the status quo until the declaration was had. The district court granted ex parte a temporary restraining order but, on motion of the defendants, the court vacated it and denied the preliminary injunction as prohibited by the Norris La Guardia Act, 29 U.S.C.A. § 101 et seq. The National Labor Relations Board (hereafter called the Board) was allowed to intervene and it moved to dismiss on the grounds that the Board had exclusive initial jurisdiction, that the district court lacked jurisdiction, and that the plaintiff had failed to exhaust its administrative remedies. The defendants filed separate motions to dismiss on these and other grounds. The district court dismissed the complaint, and from the order of dismissal this appeal is prosecuted.

### Declaratory Relief

In seeking a declaration of the applicability of the Act, the appellant has alleged certain unfair labor practices which, it contends, were included merely to establish the existence of a justiciable controversy. The Board contends these unfair labor practices constitute the gravamen of the complaint. Cf. United Packing House Workers v. Wilson & Co., D.C.Ill., 80 F. Supp. 563. Counsel for appellant argued below that the purpose of this action was the *prevention* of unfair labor practices; here, he contends, the sole purpose is to determine the applicability of the Act. We cannot escape the conclusion that the ultimate concern of the parties is the existence or threat of unfair labor practices, otherwise the declaration would be an idle gesture.

The Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201–2202, is not a jurisdiction-conferring statute; it makes a new procedure or remedy available in the federal courts where jurisdiction already exists. West Publishing Co. v. McColgan, 9 Cir., 138 F.2d 320, 149 A.L.R. 1094. "The mere fact that a declaratory judgment is sought is not, of itself, a ground of federal jurisdiction." Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121, 122. Where a court has jurisdiction, it may decline to give declaratory relief in the exercise of its sound discretion, and it would be no abuse of discretion to dismiss for failure on the part of the claimant to exhaust its administrative remedies. Cf. Ætna Casualty & Surety Co. v. Quarles, 4 Cir., 92 F.2d 321.

The District Court rested its decision on the last above mentioned ground, and concluded that in the exercise of sound discretion, the complaint should be dismissed. In our view of the case, we find it unnecessary to do more than advert to this conclusion, for it appears that the court lacked jurisdiction and dismissal was therefore mandatory.

Under the National Labor Relations Act, 49 Stat. 449, 29 U.S.C.A. § 151 et seq., prior to the 1947 amendment, it was well established that the Board had exclusive primary jurisdiction over all phases of the administration of the Act. This result was reached in a number of cases which held that the district courts lacked jurisdiction[3]

---

3. It was held that the Board had exclusive primary jurisdiction subject to judicial review in the following situations:

(1) to determine its own jurisdiction, i e., to decide whether an employer was engaged in interstate commerce. New-

even where declaratory relief was expressly sought.[4] These cases found support in both the language of the Act and its legislative history.[5]

The Labor Management Relations Act, 61 Stat. 136, made numerous changes in the Administration of the Act it amended, but these changes do not effect the results herein. See: Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183; Amalgamated Association etc. v. Dixie Motor Coach Corp., 8 Cir., 170 F.2d 902; Bakery Drivers Union v. Wagbshal, 333 U.S. 437, 68 S.Ct. 630, 92 L.Ed 792. These cases dealt directly with injunctions, but the analyses made and the reasons advanced control here. None of the changes gave private litigants additional rights to invoke the direct aid of the district courts to prevent unfair labor practices.[6] The Board retains its exclusive primary jurisdiction (except as to authorize cessions to qualified state agencies, 29 U.S.C.A. § 160(a), as amended) over the administration of the Act where the defined unfair labor practices are at issue.

The recent decision in Algoma Plywood & Veneer Co. v. Wisconsin Employment Relations Board, 336 U.S. 301, 69 S.Ct. 584, is of no aid to the appellant. It was held that a state was free to regulate those unfair labor practices not the subject of federal regulation. Where the Board has jurisdiction it is exclusive of State jurisdiction (except as provided by 29 U.S. C.A. § 160(a), as amended). Bethlehem Steel Corp. v. New York State Labor Relations Board, 330 U.S. 767, 67 S.Ct. 1026, 91 L.Ed. 1234, Cf. Gerry of California v. Superior Court, 32 Cal.2d 119, 194 P.2d 689, citing with approval the Amazon Cotton, Mill case, supra. Appellant also relies on Riley v. International Brotherhood of Teamsters, etc., 95 N.H. 162, 59 A.2d 476, judgment vacated as moot, 336 U.S. 930, 69 S.Ct. 737, wherein a declaratory judgment as to whether the State or the Federal Labor Laws applied was rendered. It

port News Shipbuilding & Drydock Co. v. Schauffler, 303 U.S. 54, 58 S.Ct. 466, 82 L.Ed. 646;

(2) to prevent unfair labor practices. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638;

(3) to decide whether unfair labor practices were committed and to prescribe means to redress them. National Licorice Co. v. N.L.R.B., 309 U.S. 350, 60 S.Ct. 569, 84 L.Ed. 799.

(4) to investigate alleged unfair labor practices. Bradley Lumber Co. v. N.L. R.B., 5 Cir., 84 F.2d 97; Elliott v. American Manufacturing Co., 5 Cir., 138 F.2d 678;

(5) to determine the proper bargaining agent. International Brotherhood of Teamsters, etc. v. International Union of United Brewery, etc., Workers, 9 Cir., 106 F.2d 871;

(6) to determine the appropriate bargaining Unit. Fur Workers Union v. Fur Workers Union, 70 App.D.C. 122, 105 F.2d 1.

4. Bradley Lumber Co. v. N.L.R.B., supra; Elliott v. American Manufacturing Co., supra; International Brotherhood of Teamsters, etc. v. International Union of United Brewery, etc., Workers, supra. See: Borchard, Declaratory Judgments, 2d Ed., 343–344. Cf. Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 5 Cir., 137 F.2d 176, where a declaratory judgment under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., was held proper. Note that the latter Act differs materially from the National Labor Relations Act in that much of its administration is vested directly in the district courts. See 29 U.S.C.A. §§ 216, 217.

5. Section 10(a) provided: "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 8) affecting commerce. This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise." (Emphasis supplied.) It is clear that Congress intended "to establish a single paramount administrative or quasi-judicial authority in connection with the development of the Federal American law regarding collective bargaining." S.Rep. No.573, 74th Cong., 1st Sess., p. 15.

6. The Board, and the Attorney General under the direction of the President, may, under prescribed conditions, invoke the District Courts to enjoin certain unfair labor practices, strikes, and boycotts. 29 U.S.C.A. §§ 160(i) and (j), 178(a). The added rights of private parties do not directly concern the prevention of unfair labor practices. 29 U.S.C.A. §§ 185–187.

need only be pointed out that the State court was one of general jurisdiction, whereas the district courts of the United States have only such jurisdiction as Congress by statute has conferred. West Publishing Co. v. McColgan, supra. We conclude that the court below did not have jurisdiction and that the decision should therefore be affirmed.

### Injunctive Relief

 The foregoing reasons for denying declaratory relief apply equally to the denial of injunctive relief. Amazon Cotton Mill Co. v. Textile Workers Union of America, supra. The Labor Management Relations Act of 1947 did not give private litigants the right to obtain injunctive relief even in those situations where a suit for damages was allowed. 29 U.S.C.A. § 187, as amended; Amalgamated Association, etc. v. Dixie Motor Coach Corp., supra.

In addition, the interdiction of the Norris La Guardia Act, 29 U.S.C.A. 101 et seq., is inescapable. That a "labor dispute" exists here is clear from even a superficial reading of the complaint.[7] For that reason Bakery Drivers Union v. Wagshal, supra, is distinguishable since no labor dispute was found to exist. That same case, however, refuted the argument that private litigants (as distinguished from the Board) could enjoin secondary boycotts under the Labor Management Relations Act of 1947. Nowhere in the latter Act was the ban against injunctions in labor disputes at the instance of private parties lifted. In United States v. United Mine Workers, 330 U.S. 258, 290, 67 S.Ct. 677, 694, 91 L.Ed. 884, after deciding there was no "labor dispute" since the United States was not an "employer" within the meaning of the Norris La Guardia Act, the Supreme Court said that even if the Act were applicable "the District Court unquestionably had the power to issue a restraining order for the purpose of preserving existing conditions pending a decision upon its own jurisdiction." The appellant cannot be heard to complain; such an order was issued below and dissolved only after the court had concluded it lacked jurisdiction. We agree with this conclusion, and it follows that the preliminary injunction was properly denied.

The appellees, other than the Board and Local Union of Operating Engineers, No. 3 (footnote 2, supra), urge as a separate ground for dismissal that the cause has become moot. There appears to be merit in this contention,[8] but it need not be considered in view of the decision already reached. The judgment of the court below is affirmed.

BLACK, District Judge.
I concur as to the result.

---

7. Counsel for appellant offered to stipulate below to strike those allegations concerning unfair labor practices. No such stipulation was entered.

8. Said appellees filed an affidavit, which was not contested in any manner, disclosing that the master industry agreement had lapsed by expiration and cancellation, and that new and different contracts had been entered into by each and all of the labor organizations parties to this action.