**INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL 142, v. LIBBY, McNEILL & LIBBY.**

Civ. No. 1177.

United States District Court
D. Hawaii.

Sept. 25, 1953.

Bouslog & Symonds, Myer C. Symonds, James A. King, Honolulu, Hawaii, for petitioner.

Blaisdell & Moore, Raymond M. Torkildson, Honolulu, Hawaii, for respondent.

## McLAUGHLIN, Chief Judge.

By a timely motion pursuant to Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C., the plaintiff in this action has moved for a new trial. The essential ground of the motion appears to be that the court erred in interpreting the extent of the jurisdiction granted by 29 U.S.C.A. § 185, which is the sole basis alleged for jurisdiction of this action. Under the decision, jurisdiction is conferred on district courts, irrespective of citizenship of the parties or the amount in controversy, only in suits for damages arising from violation of collective bargaining contracts between an employer in interstate commerce and a recognized bargaining representative of his employees.

■ The plaintiff's first argument is that the wording of the statute is clearly broader than this, and does not require this limited interpretation. If this were the only statute bearing upon the situation this point would probably have more weight. However, we have pointed out that the presence of surviving jurisdictional limitations imposed by the Norris-La Guardia Act, 29 U.S.C.A. § 104, raised, in a prior case, Castle and Cooke Terminals Ltd., v. Local 137 of I. L. W. U., 1953, 110 F.Supp. 247, a latent ambiguity as to the actual intent of Congress when it was in the course of passing this section which is a part of the Taft-Hartley or Labor-Management Relations Act of 1947. To resolve that ambiguity in deciding Castle and Cooke, supra, we referred to committee reports and statements of the authors of the bill and concluded that the attention of Congress was on suits for damages, and on the point of relieving individual union members from financial responsibility should such suits go against their union, and not upon the field of injunctive remedies at all.

■ We adhere to our interpretation of the intent of Congress because it seems to be irresistible that, once an ambiguity is shown to exist in a statute, and the ambiguity is resolved by consultation of the proper Congressional records which show the legislative intent to have been focused on a limited field, we cannot find that Congress intended to act in other fields which it clearly did not have in mind. Therefore we still think that section 185 does not constitute a basis of jurisdiction for the instant action.

Another argument by plaintiff is that even if the court does not have the power to grant an injunction, it should declare the rights of the parties herein without attempting to give the other relief asked.

■ The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, gives the court power to make such a judgment in a case of actual controversy *within its jurisdiction*. It provides, inter alia, that this may be done whether or not further relief is or could be sought. It appears well settled, however, that this Act does not repeal or modify the basic requirements of jurisdiction previously imposed, and if the court has not had power over certain subject matter or persons, the declaratory judgment statute does not give it. Skelly Oil Co. v. Phillips Petroleum Co., 1949, 339 U.S. 667, at pages 671–672, 70 S.Ct. 876, 94 L.Ed. 1194; Doehler Metal Furn. Co., Inc. v. Warren, 1942, 76 U.S.App.D.C. 60, 129 F.2d 43. It follows that the mere fact that a declaratory judgment is sought is not, of itself, a ground of federal jurisdiction: Calif. Ass'n of Employers v. Bldg. and Const. Trades Council., etc., 9 Cir., 1949, 178 F.2d 175, at page 177. Thus the expression "whether or not further relief is or could be sought" in 28 U.S.C. § 2201

refers to whether the controversy between the parties has reached a stage at which some further remedy could be demanded according to recognized principles of law. It does not permit the assumption of jurisdiction which would not otherwise exist.

Finally, it is argued that compliance with the demands for relief in this case would most effectively carry out the declared policy of Congress in enacting the legislation of which 29 U.S.C.A. § 185 is a part—the promotion of peaceful relations between these and similar parties. 29 U.S.C.A. § 141(b).

However true this might be, where there are indications that Congress intended the courts to go only so far in carrying out its policies, it is not within the province of the court to go further because it or the parties think Congress should have done more than it did.

For the reasons expressed herein, the motion for new trial is denied.