**Samuel MUST and Burt Sultan, doing business under the fictitious firm name of Glide-A-Way Bed Company, Plaintiff,**

v.

**W. A. WILKINSON, doing business under the fictitious firm name of Pland Bed Company, et al., Defendants.**

**No. 17260.**

United States District Court,
S. D. California, C. D.

Jan. 20, 1955.

Huebner, Beehler, Worrel & Herzig, and Albert M. Herzig, Los Angeles, Cal., for plaintiff.

Eric A. Rose, Long Beach, Cal., for defendant.

HALL, District Judge.

The sole question is whether or not this court has jurisdiction in this action for declaratory relief, 28 U.S.C.A. § 2201, involving a dispute between an alleged infringer as plaintiff and an applicant for a patent as defendant.

While suits for declaratory relief by an alleged infringer against a holder of a patent are common, counsel have failed to cite, and independent research has failed to find, any case wherein jurisdiction is attempted to be justified in a suit by an alleged infringer against an applicant for a patent before the issuance of the patent.

The complaint is in three counts: the first two, while differing somewhat from

each other, are essentially for unfair competition; the third alleges that defendant has an application for a patent pending in the Patent Office, but asks this court to determine that the claims disclose no patentable invention.

■ The Declaratory Judgment Act, 28 U.S.C.A. § 2201, confers no additional jurisdiction on federal district courts but merely adds a new procedural device. Atlantic Meat Co. v. R. F. C., 1 Cir., 1948, 166 F.2d 51, 56; Southern Pacific Co. v. McAdoo, 9 Cir., 1936, 82 F. 2d 121, 122.

If jurisdiction exists it is by virtue of the provisions of Section 1338 of Title 28 U.S.C.A. Subdivision (a) thereof confers original jurisdiction on this court, "of any civil action arising under any Act of Congress relating to patents, * * *." Subdivision (b) thereof confers jurisdiction of actions, "asserting a claim of unfair competition when joined with a substantial and related claim under the * * * patent * * * laws."

Jurisdiction of the first two causes of action depends on whether or not this court has jurisdiction of the third cause of action, i. e., whether or not the third cause of action is one "arising under any Act of Congress relating to patents".

■ It has long been settled that an applicant for a patent may not sue for alleged infringement prior to the date of the issuance of the patent and pending the application therefor. In Gayler v. Wilder, 1850, 10 How. 477, 493, 51 U.S. 477, 13 L.Ed. 504, Chief Justice Taney stated: "The inventor of a new and useful improvement certainly has no exclusive right to it, until he obtains a patent. This right is created by the patent, and no suit can be maintained by the inventor against anyone for using it before the patent is issued. But the discoverer of a new and useful improvement is vested by law with an inchoate right to its exclusive use, which he may perfect and make absolute by proceed-ing in the manner which the law requires." This doctrine has been repeatedly affirmed in subsequent cases, among them being, Marsh v. Nichols, 1888, 128 U.S. 605, 612, 9 S.Ct. 168, 32 L.Ed. 538; Bliss Co. v. U. S., 1920, 253 U.S. 187, 192, 40 S.Ct. 455, 64 L.Ed. 852; Rein v. Clayton, 6 Cir., 1889, 37 F. 354; Columbia & N. R. R. Co. v. Chandler, 9 Cir., 1917, 241 F. 261, 263; Rees v. Lombard, 9 Cir., 1927, 21 F.2d 276, 278.

If the applicant for a patent has no cause of action under the patent laws for infringement during the pendency of his application and prior to the issuance of the patent, obviously this court has no jurisdiction over a suit by such applicant. 28 U.S.C.A. § 1338(a).[1]

■ It is a matter of simple logic if this court has no jurisdiction over such suit by an applicant for a patent, that a suit by an asserted infringer to declare that the applicant has no patentable invention where the suit is brought before the decision of the Patent Office to either grant or deny the patent, is not a cause of "action arising under any Act of Congress relating to patents," and this court has no jurisdiction under 28 U.S.C.A. § 1338(a). The third cause of action must be dismissed for lack of jurisdiction.

■ It follows that no jurisdiction exists for the first two causes of action under subdivision (b) of Section 1338, 28 U.S.C.A., as jurisdiction over the charges of unfair competition, related as they are in this case to the dispute concerning the rights under the patent application, rests solely upon the proposition that the court has primary jurisdiction under the patent laws, which it does not have.

No diversity of citizenship being present, the plaintiff is, of course, relegated to whatever action the law may provide for him in the state courts.

The defendant will prepare and submit under the rules an order vacating the preliminary injunction, and a judgment of dismissal.

1. The facts in this case call for no consideration or decision of the question of jurisdiction of actions between patent applicants and their assignees or licensees.