**CENTRAL HIDE & RENDERING CO., Inc., et al., Plaintiffs,**

**v.**

**B–M–K CORPORATION, Defendant.**

**Civ. A. No. 1692.**

United States District Court
D. Delaware.
April 20, 1956.

See also 19 F.R.D. 294, 19 F.R.D. 296.

Thomas Cooch (of Connolly, Cooch & Bove), of Wilmington, Del., Robert I. Lipton (of Bryant, Lipton, Strayhorn & Bryant), of Durham, N. C., and C. Earl Hovey, of Kansas City, Mo., for plaintiffs.

Clarence W. Taylor (of Hastings, Lynch & Taylor), of Wilmington, Del., and Edward B. Beale, of Washington, D. C., for defendant.

RODNEY, District Judge.

The present action is for a declaratory judgment concerning the validity and infringement of a patent No. 2,-702,245 owned by the defendant. The action arises under the Patent Laws of the United States, 28 U.S.C. § 1338, and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

The present memorandum concerns but one of several questions presented.

Originally there were four plaintiffs. Attached to the complaint are four identical letters of the defendant to the four plaintiffs, respectively. These letters stated that the patent in question had been issued to the present defendant and that methods of processing feathers disclosed by the patent without a license agreement should be stopped.

Subsequently, either by stipulation or by amendment to the complaint, some thirty odd additional plaintiffs have been named. With all these plaintiffs I am not concerned for the defendant, by answer, admits an actual controversy exists as to each of the plaintiffs and the defendant as to the infringement of the cited patent.

The present question arises from a motion of N. C. Consolidated Hide Company to be made a party plaintiff.

No controversy with the defendant individually is shown as to N. C. Consolidated Hide Co., now sought to be

added as party plaintiff. It is contended that the interest of N. C. Consolidated Hide Co. is the same as the other parties plaintiff and that the process employed by it is the same as objected to and as being in use by the other parties plaintiff. The defendant insists that it is ignorant of any process of N. C. Consolidated Hide Co. or that it had knowledge of the existence of such Company. It is contended that the defendant notified every user of an alleged infringing process of which it had knowledge and as these parties used the same process as N. C. Consolidated Hide Co., so the latter Company should not be required to occupy a different status.

I assume that the application to join as party plaintiff is made pursuant to Rule 20(a), as set out in the footnote.[1] It may well be that the same question of law or fact (validity or infringement of the patent) is common to the plaintiffs and to N. C. Consolidated Hide Co., but it is not clear that N. C. Consolidated Hide Co. is asserting a right growing out of the same transaction or occurrence. We are remanded to the Declaratory Judgment Statute[2] under which this suit is brought.

■ There can be no doubt that the Declaratory Judgment Act is called into play only in case of an "actual controversy".

It has been held that the constitutional, judicial power is limited to "cases" and "controversies" and that the words "actual controversy", as used in the Declaratory Judgment Statute, are used in their constitutional sense and that the Act is procedural.[3]

It was held that "the word 'actual' was a word of emphasis rather than of definition". By this, I understand, that the word "actual" would not limit the area of constitutional, judicial power, but that it emphasized the requisite character and nature of the controversy between the parties and cognizable under the Act. So, in the same case it was said that the controversy must be definite and concrete, touching the legal relations of the parties.

In Federal Telephone & Radio Corp. v. Associated Telephone & Telegraph Co., 169 F.2d 1012, 1013, in this Third Circuit, it was held that a public advertisement that a patentee owned or controlled patents which "cover 'operating features which are vital to today's telephone traffic and service conditions'" coupled with an advertisement that such patentee would protect its patents by suit established in actual controversy and justiciable threat under the Declaratory Judgment Act. The case is bottomed, I think, upon the thought that there was involved a direct area of conflict between the parties as a result of the advertisements. The case holds, I think, that a public advertisement constituting a threat is as to all those directly interested as effective as a specific threat to an individual. In the present case there is no general or public threat or notice, but solely a personal one directed to specific individuals.

In Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 137 F.2d 68, and in Apex Hosiery Co. v. Knitting Machines Corp., D.C., 90 F.Supp. 763, there was involved the question as to whether a threat or controversy as to one user of a process was implicit in the bringing of an action by the patentee against another user of the same process

**1.** "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action." Fed.Rules Civ.Proc. rule 20(a), 28 U.S.C.

**2.** 28 U.S.C. § 2201.

**3.** Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239, 57 S.Ct. 461, 81 L.Ed. 617.

where the suit asserted a broad scope of the patent.

In the present case there has been no suit brought by the defendant against anyone or any public action taken, and the cited cases lack direct application.

In the Apex case, supra, the present Court indicated an assumption that if a patentee made a threat or took such action as created a controversy and such threat or action was purely private and personal and limited to one person, that the controversy was created only as to that person. I have no reason to modify that assumption. I am of the opinion that an "actual" controversy as contemplated by the Act relates to such controversy as is directly connected with the parties and is the antithesis of a vicarious controversy which might exist through some sympathetic relationship to or through another.

Any other holding would, I think, destroy any distinction between a public advertisement of a threat, as held in the Federal Telephone case, supra, or a public "in terrorem" litigation, as held in Dewey & Almy, supra on the one hand, and, on the other hand, a private or personal claim of infringement addressed to an individual and make of the latter a public threat exposing a patent holder to litigation by any member of the general public [4] who may deem himself affected.

I am of the opinion that any right of N. C. Consolidated Hide Co. to be joined as a party plaintiff must be based upon the fact that such Company, of and by itself, would have had a similar right of action against the defendant.

The only rights which the Declaratory Judgment Statute empowers the Federal Courts to declare are those "of any interested party seeking such declaration". So it was held that where a petition sought the declaration of rights of the petitioner "and others similarly situated", only the rights of the petitioner would be considered and "others similarly situated" would be disregarded.[5]

The question here involved, I think, can be tested by the facts of this case. Direct controversy is admitted by the defendant as to the original four plaintiffs. One or more of these plaintiffs has made some arrangement with the defendant and taken a license and has been eliminated from the case as a plaintiff. Assuming that this present motion should be granted and N. C. Consolidated Hide Co. made a party plaintiff and that all those having a direct controversy with the defendant were eliminated, leaving as plaintiffs only N. C. Consolidated Hide Co. and others similarly situated who had no direct controversy with the defendant, the result would be most anomalous. We would have no actual or direct controversy between any of the parties and no public or "in terrorem" action to give proper standing.

A disturbing thought in the present matter is whether the present action of this Court may be reviewable. If, however, the present facts give to N. C. Consolidated Hide Co. the right to maintain its own action, such action, if sustained, could then be consolidated with the present suit. If the independent action of N. C. Consolidated Hide Co. should not be sustained but should be dismissed, then the matter would be reviewable.

The motion to make N. C. Consolidated Hide Co. as a party plaintiff is denied and an appropriate order may be submitted.

4. See 62 Harvard L.Rev. 787, 865.

5. Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121.