Entry accordingly.

**JACOBS et, Appellants, v. CLEARING MACHINE CORPORATION, Appellee.**

Ohio Appeals, First District, Butler County.

No. 1007. Decided July 24, 1952.

Sol Goodman, Cincinnati, for appellants.

Taft, Stettinius & Hollister and J. Mack Swigert, Cincinnati, for appellee.

## OPINION

By THE COURT:

This is an appeal on law from an order sustaining a motion to dismiss this action for a declaratory judgment on the ground that the court lacked jurisdiction to entertain the action and to make the declaration.

The plaintiffs allege in their petition that they and about 180 other production and maintenance employees of the defendant corporation were and are members of Hamilton-Thomas Workers' Union, and that they, representing all said employees under the name of Clearing Machine Corporation Workers' Union, on October 3, 1951, entered into a contract with the defendant; that thereafter on May 1, 1952, acting in accordance with the constitution and by-laws at a duly called meeting, a majority of the members of said Hamilton-Thomas Workers' Union resolved "to disorganize said Union and to affiliate directly with the UAW-CIO." The plaintiffs also allege that they made application to the UAW-CIO for a charter which was granted and they thereupon became an affiliate of said union, as Local No. 1190, and thereupon they requested the defendant to recognize them under the agreement that had been entered into on October 3, 1951.

The plaintiffs also allege that as the result of an order and certificate of representation, issued on January 29, 1952 by the National Labor Relations Board, this union was duly designated as the bargaining agent for all of the defendant's employees in its Hamilton Division.

These allegations are followed by allegations that the plaintiffs individually and as a class, by reason of what had taken place, "represent all of said employees as a UAW-CIO Union and have made due application for a charter as a local Union" of the UAW-CIO which seems to be inconsistent with the previous allegations that the Union had been "chartered as Local No. 1190."

The plaintiffs then set forth certain provisions of the contract of October 3, 1951, by which the defendant recognized the union then existing as the exclusive representative of all the employees for purposes of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment, etc., and that all new employees should within 90 days of employment become members of the union as a condition of employment and remain members in good standing during the term of the agreement. No other terms, if any, of the contract were set forth.

It is alleged in the petition that the defendant has refused to recognize said Local 1190 UAW-CIO as the bargaining agent

for said employees and has manifested said refusal in various ways by "elimination" of plaintiffs and others similarly situated as members of said union and by sponsoring a company dominated union, and by bargaining with individual employees as to rates, wages, hours of employment and other conditions of employment "in direct violation of the National Labor Relations Act, and that defendant has dealt with another group of employees as representatives of the whole and has discharged some and threatened to discharge others for nonpayment of dues to that group, notwithstanding said group does not represent the majority of said employees.

The plaintiffs assert that they have no available relief because an election to determine the bargaining agent had been held, and that under the law no other election could be held until the expiration of 12 months thereafter.

The prayer is for a declaration of rights and specifically that the court declare that the plaintiffs, through UAW-CIO, constitute the bargaining agent, that the defendant be required to bargain with them, that the defendant be declared without right to discharge employees for non-payment of dues to the other group, or for failure to become members of such group, and, finally, that defendant be enjoined from taking any action contrary to the declared rights and for a money judgment.

The foregoing, we think, is a summary of all the material allegations of the petition. We have set them forth because the sole question presented on this appeal is whether they set forth a cause of action entitling the plaintiffs to relief within the jurisdiction of the Common Pleas Court to award and which it is required to award.

The Common Pleas Court held that it was without jurisdiction to grant the relief sought. In this position we concur. We also think the Court might very well have refused relief on the ground that no relief that it might grant would end this controversy, and, for that reason, under §12102-6 GC, it refused to exercise the jurisdiction to declare rights.

It seems clear that this petition does not state a cause of action by an individual employee against his employer for violation of a duty owing to him alone. The wrongful acts charged are those owing to the collective body of employees, and if those acts are wrongful, it results from violation of duties created by the National Labor Relations Act and the Labor-Management Act, and those Acts of Congress provide for a board to administer them and to coerce compliance therewith. There is no allegation that the administrative remedies have been exhausted. We do not mean to imply,

however, that recourse could be had to a state court for relief even though the administrative remedies had been exhausted.

After summarizing the allegations of the petition, Judge Boli said:

"Thus, the alleged acts of the defendant complained of by the plaintiffs in their petition constitutes unfair labor practices forbidden by the act. Section 10 (a) of the act provides:

'The Board is empowered, as hereinafter provided,. to prevent any person from engaging in any unfair practice (listed in Section [a]) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise.'

It seems clear from the provisions of the Act we have quoted that here again the exclusive jurisdiction to hear and determine the matters complained of in plaintiffs' petition lies with the Board.

That plaintiffs do have some relief by way of injunction appears in Section 10 (j) of the act which provides:

'The Board shall have power, upon issuance of a complaint as provided in Subsection (b) charging that any person has engaged in or is engaging in unfair labor practice, to petition any District Court of the United States within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order. Upon the filing of any such petition the court shall cause notice thereof to be served upon such person, and thereupon shall have jurisdiction to grant to the board such temporary relief or restraining order as it deems just and proper.'

Plaintiffs cite the case of **Jennings v. Jennings, 56 Abs 258,** and **Huntsman v. McGovern, 56 Abs 170,** in support of their position. Those cases have to do with disputes between the individual members of local unions or between a union and its individual members and, therefore, in our opinion, have no application to the case at bar."

We believe that is a correct statement of the law.

For these reasons, the judgment is affirmed.

HILDEBRANT, PJ, MATTHEWS, J, concur.